IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
COURT
2012 FEB 29 AM 10: 34

CLER... D Taylor

DENNIS GRAY WILLIAMS,

   Petitioner,

v.

ROBERT E. O'NEILL and
KENNETH DUBOSE,

   Respondents.

CIVIL ACTION NO.: CV511-113

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Dennis Gray Williams ("Williams"), an individual currently incarcerated at D. Ray James Correctional Facility ("D. Ray James") in Folkston, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondents filed a Motion to Dismiss the petition, and Williams filed a Response. For the reasons which follow, Respondents' Motion should be **GRANTED**, and Williams' petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Following a bench trial in the Middle District of Florida, Williams was convicted of five counts of passing counterfeit checks, in violation of 18 U.S.C. § 514; one count of unauthorized use of an access device, in violation of 18 U.S.C. § 1029(a)(5); and one count of failure to appear at final revocation hearing, as required by the conditions of his release, in violation of 18 U.S.C. § 3146(a)(1). United States v. Williams, CR310-199

(M.D. Fla.). Williams' Motion to Continue Sentencing Hearing was granted, and his sentencing is currently scheduled for March 22, 2012. Id.

In the instant petition, Williams seeks relief under § 2241 based on alleged violations of his due process rights under the Fifth Amendment and his right to equal protection under the Fourteenth Amendment.[1] Williams alleges that it was impossible for the prosecutor in his criminal case to prove beyond a reasonable doubt that he was guilty of violating 18 U.S.C. § 514 because certain language in § 514 is not defined by Congress, the statute, or pattern jury instructions. Additionally, Williams asserts that the indictment against him should have charged him with violating 18 U.S.C. § 513, instead of § 514, and that individuals in other districts have been prosecuted under § 513 for conduct that was the "exact same" as his. (Doc. No. 1, p. 13). Williams also alleges that his conviction under 18 U.S.C. § 1029(a)(5) was improper because there are no pattern jury instructions relevant to violation of that statute and because the statute was interpreted incorrectly during his criminal trial. Finally, Williams avers that he should not have been charged with violation of 18 U.S.C. § 3146(a)(1) because that statute does not specifically mention supervised release and because other defendants have been indicted under 18 U.S.C. § 401(3) for failing to appear at a supervised release hearing. Respondents contend that Williams' claims should be dismissed because they are premature and because they are not appropriate claims to be brought under § 2241.

## DISCUSSION AND CITATION OF AUTHORITY

Respondents argue that Williams' § 2241 petition is premature. The Court of Appeals for the Eleventh Circuit has, in two recent opinions, affirmed dismissal of §

---

[1] Williams does not say that he brings a claim under the Fourteenth Amendment, but he alleges that he "received disparate treatment[.]" (Doc. No. 1, p. 15).

2

AO 72A
(Rev. 8/82)

2241 petitions seeking to attack pending federal criminal prosecutions on the ground that the petitions were premature. In Garcon v. Palm Beach Cnty. Sheriff's Office, 291 F. App'x 225 (11th Cir. 2008), the § 2241 petitioner alleged various defects in his pending criminal trial. The Eleventh Circuit held that the petitioner's claims would be "properly brought during his criminal case and subsequent direct appeal, should he choose to file one. Therefore, the instant petition was premature and was due to be dismissed." Id. at 226. Likewise, in Garey v. Fed. Det. Ctr., Miami, 180 F. App'x 118 (11th Cir. 2006), the Eleventh Circuit, under similar circumstances, affirmed the district court's dismissal of the petitioner's § 2241 petition stating that "these claims were not properly brought pursuant to 18 U.S.C. § 2241, but should have been raised in his pending criminal case." Id. at 121.

Williams states that his petition "is not intended to challenge the conviction or to raise any challenges regarding errors committed during trial." (Doc. No. 1, p. 9). However, like the claims raised by the petitioners in Garcon and Garey, each of Williams' claims in support of his § 2241 petition alleges a defect in his pending criminal trial. As a result, Williams' § 2241 petition is premature, and his claims would more appropriately be brought "during his criminal case and subsequent direct appeal, should be choose to file one." Garcon, 291 F. App'x at 226.

Respondents also argue that, following the conclusion of his criminal case, if Williams wants to collaterally attack his conviction by bringing the claims alleged in the instant petition, he should do so by filing a motion pursuant to 28 U.S.C. § 2255 in the court of his conviction. Generally, a motion to vacate, set aside, or correct a sentence filed in the court of conviction pursuant to § 2255 is the proper method to be used by a

prisoner seeking to collaterally attack his conviction or sentence. Darby v. Hawk-Sawyer, 405 F.3d 942, 944–45 (11th Cir. 2005) (citation omitted); 28 U.S.C. § 2255(a). Williams' claims are clearly an attack on the validity of his conviction. Therefore, his claims fall within the ambit of § 2255, and are not appropriately brought pursuant to § 2241.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondents' Motion to Dismiss be **GRANTED** and that Williams' § 2241 petition be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 29th day of February, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)