IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DENNIS GRAY WILLIAMS,

   Petitioner,

v.              CIVIL ACTION NO.: CV511-113

ROBERT E. O'NEILL and
KENNETH DUBOSE,

   Respondents.

## ORDER

Petitioner Dennis Gray Williams ("Williams") filed Objections to the Magistrate Judge's Report dated February 29, 2012, which recommended that Williams' 28 U.S.C. § 2241 petition be dismissed, and to the Magistrate Judge's Report of the same date, which recommended that Williams' Emergency Motion for Injunctive Relief be denied. After an independent and *de novo* review of the record, the undersigned concurs with both of the Magistrate Judge's Reports.

In his § 2241 petition, Williams asserts that his constitutional rights have been violated based on various alleged deficiencies relating to his underlying criminal convictions in United States v. Williams, CR 310-199 (M.D. Fla.). Williams' criminal sentencing is currently scheduled for June 26, 2012, and he has not yet pursued a direct appeal of his convictions. Id.

AO 72A
(Rev. 8/82)

The Magistrate Judge determined that Williams' § 2241 petition is premature because the claims in support of his petition allege defects in his pending criminal trial and would, therefore, be more appropriately brought during his direct appeal, if he chooses to file one.[1] The Magistrate Judge cited <u>Garcon v. Palm Beach Cnty. Sheriff's Office</u>, 291 F. App'x 225 (11th Cir. 2008), and <u>Garey v. Fed. Det. Ctr., Miami</u>, 180 F. App'x 118 (11th Cir. 2006), in support of his recommendation of dismissal. In his Objections, Williams argues that the cases relied upon by the Magistrate Judge are inapplicable to his petition because Garcon and Garey were awaiting trial when they filed their § 2241 petitions, while the instant petition was filed after Williams' criminal trial. Williams' assertion is correct; however, his argument is not persuasive. Williams notes that Garcon and Garey "had every opportunity to challenge their violations of constitutional rights through pre-trial evidentiary motions." (Doc. No. 19, p. 5). Likewise, Williams has every opportunity to challenge the alleged violations of his constitutional rights through a direct appeal of his convictions.

The Magistrate Judge determined that Williams is not entitled to injunctive relief because he has failed to show that there is a substantial likelihood that he could prevail on the merits of his § 2241 petition. In his Objections, Williams states that it is his "contention that the government has acquiesced any issue regarding the [ ] injunctive relief sought" because Respondents did not mention his request for injunctive relief in their Motion to Dismiss. (Doc. No. 19, p. 8). Regardless of the contents of the Respondents' Motion to Dismiss, to be entitled to an injunction, the movant must show:

---

[1] The Magistrate Judge also determined that Williams' claims fall within the ambit of 28 U.S.C. § 2255 and are, therefore, not appropriately brought pursuant to § 2241. Williams did not specifically object to this portion of the Magistrate Judge's Report; however, it should be noted that the undersigned agrees with the Magistrate Judge's determination.

2

(1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). The Magistrate Judge determined that Williams has failed to show that there is a substantial likelihood that he could prevail on the merits of his petition. In his Objections, Williams simply states that the issues in his petition meet the Schiavo criteria. But, as discussed above, Williams' § 2241 petition is due to be dismissed, and, as a result, Williams cannot show that there is a substantial likelihood that he will prevail on the merits of his petition.

Finally, in his Objections, Williams asks the Court to strike the Respondents' Motion to Dismiss for failure to comply with the Magistrate Judge's Order dated December 5, 2011. Williams states that Respondent Robert E. O'Neill did not seek an extension of time in which to file a response to the relevant Order. Because Respondent Kenneth Dubose, the only proper Respondent in the instant petition,[2] filed a timely Motion for Extension of Time in which to Respond, Williams is not prejudiced by Respondent Robert E. O'Neill's failure to do the same.

Williams' Objections to the Magistrate Judge's Reports are without merit and are **overruled**. The Reports and Recommendations of the Magistrate Judge are adopted as the opinion of the Court. Respondents' Motion to Dismiss is **GRANTED**. Williams' 28 U.S.C. § 2241 petition is **DISMISSED** without prejudice. Williams' Emergency

---

[2] The only proper respondent in a § 2241 petition is the current warden at the petitioner's place of confinement. Rumsfeld v. Padilla, 542 U.S. 426 (2004).

3

Motion for Injunctive Relief is **DENIED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

    **SO ORDERED**, this 27 day of March, 2012.

                                  LISA GODBEY WOOD, CHIEF JUDGE
                                  UNITED STATES DISTRICT COURT
                                  SOUTHERN DISTRICT OF GEORGIA